1

2

3

4

5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID ANTHONY RENDON, | ) | 1:05-CV-00661  OWW DLB |
| | ) | |
| Plaintiff, | ) | MEMORANDUM DECISION AND ORDER RE DEFENDANTS' |
| | ) | MOTIONS TO DISMISS AND |
| v. | ) | MOTIONS FOR MORE DEFINITE |
| | ) | STATEMENT. |
| FRESNO POLICE DEPARTMENT, POLICE | ) | |
| OFFICER MARCUS K. TAFOYA, POLICE | ) | |
| SGT. MIKE MANFREDI, POLICE | ) | |
| OFFICERS JOHN DOES 1-20, and THE | ) | |
| CITY OF FRESNO, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.  INTRODUCTION

This matter is before the Court on Defendants' motions to dismiss and for a more definite statement, pursuant to Fed. R. Civ. P. 12(e).  Pro se Plaintiff, David Rendon ("Rendon"), alleges that his Fourth Amendment rights were violated when Fresno police officers unlawfully entered his parents' home and began using excessive force on him.  Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.  Defendants City of Fresno ("City"), Fresno Police Department ("FPD"), and Sgt. Mike Manfredi ("Manfredi") (collectively, "City Defendants") together submitted motions to dismiss and motions for more definite statement, and Defendant Officer Marcus Tafoya ("Tafoya") individually submitted a motion to dismiss and for a more definite statement--all of which are

1

1  addressed herein.  Docs. 14 & 17.

2

3                    **II.   SUMMARY OF THE COMPLAINT**

4        Plaintiff names as Defendants the City of Fresno, the FPD,

5  Sergeant Manfredi, and Officer Tafoya.  Doc. 1, Compl., filed on

6  May 20, 2005.  Although Plaintiff's allegations are not entirely

7  clear, when construing his Complaint liberally, he appears to

8  allege that his Fourth Amendment rights were violated when: (1)

9  FPD officers unlawfully entered his parents' home; and (2) when

10 FPD officers used excessive force in the course of his arrest.

11 Plaintiff also claims that (3) FPD officers conspired to violate

12 his rights by falsifying a police report.  It is not clear

13 whether this conspiracy allegation is grounded in the Fourth

14 Amendment or whether Plaintiff is instead advancing a Fifth

15 Amendment procedural due process claim.

16

17                    **III.   STANDARD OF REVIEW**

18       **A.   Motion to Dismiss.**

19       Fed. R. Civ. P. 12(b)(6) provides that a motion to dismiss

20 may be made if the plaintiff fails "to state a claim upon which

21 relief can be granted."  However, motions to dismiss under Fed.

22 R. Civ. P. 12(b)(6) are disfavored and rarely granted.  The

23 question before the court is not whether the plaintiff will

24 ultimately prevail; rather, it is whether the plaintiff could

25 prove any set of facts in support of his claim that would entitle

26 him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73

27 (1984).  "A complaint should not be dismissed unless it appears

28 beyond doubt that plaintiff can prove no set of facts in support

                                   **2**

of his claim which would entitle him to relief." *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted).

In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *see also Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### B.   <u>Rule 8 Pleading Standard.</u>

A complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "short and plain" statement must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "Under the liberal pleading standards, pleadings in federal courts are only required to fairly notify the opposing party of the nature of the claim." *City of South Pasadena v. Slater*, 56 F. Supp. 2d 1095, 1105 (C.D. Cal. 1999)(internal citations and quotations omitted). This liberal standard applies to all of Plaintiff's claims, with the exception of his conspiracy claim, which is, as explained below, subject to a heightened pleading standard.

Courts have a "duty...to construe *pro se* pleadings liberally." *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir.

**3**

2001); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  The pleadings of

*pro se* litigants are "held to less stringent standards than

formal pleadings drafted by lawyers."  *Hughes*, 449 U.S. at 10

(citation and internal quotations omitted).  However, "a liberal

interpretation of a [pro se] complaint may not supply essential

elements of the claim that were not initially pled."  *Pena v.*

*Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).


### C.   Motion for More Definite Statement.

If a complaint "is so vague or ambiguous that a party cannot

reasonably be required to frame a responsive pleading, the party

may move for a more definite statement before interposing a

responsive pleading.  The motion shall point out the defects

complained of and the details desired."  Fed. R. Civ. P. 12(e).

A Rule 12(e) motion for a more definite statement must be

considered in light of the liberal pleading standards set forth

in Fed. R. Civ. P. 8(a)(2).  *See, e.g.*, *Bureerong v. Uvawas*, 922

F. Supp 1450, 1461 (C.D. Cal. 1996) (citing *Sagan v. Apple*

*Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994)

("Motions for a more definite statement are viewed with disfavor

and are rarely granted because of the minimal pleading

requirements of the Federal Rules.")).  The Court must deny the

motion if the complaint is specific enough to notify defendant of

the substance of the claim being asserted.  *See Bureerong*, 922 F.

Supp. at 1461; *see also San Bernardino Pub. Employees Ass'n v.*

*Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996) ("A motion for a

more definite statement is used to attack unintelligibility, not

mere lack of detail....").  Whether to grant a Rule 12(e) motion

**4**

1  for a more definite statement lies within the discretion of the

2  district court.  *See Stout*, 946 F. Supp. at 804.

3

4  **IV.    LEGAL ANALYSIS**

5       **A.   42 U.S.C. § 1983.**

6       In order to sue a local government entity or its employees

7  in a federal court for civil rights violations, a plaintiff must

8  rely on statutory provisions that permit individuals to seek

9  relief in federal court.  42 U.S.C. § 1983, under which Plaintiff

10 brings this suit, provides in pertinent part:

11          Every  person  who,  under  color  of  any  statute,
            ordinance,  regulation,  custom,  or  usage,  of  any
12          State  or  Territory  or  the  District  of  Columbia,
            subjects,  or  causes  to  be  subjected,  any  citizen  of
13          the  United  States...to  the  deprivation  of  any
            rights,  privileges  or  immunities  secured  by  the
14          Constitution  and  laws,  shall  be  liable  to  the  party
            injured  in  an  action  at  law,  suit  in  equity,  or
15          other  proper  proceeding  for  redress....

16 Section 1983 "creates a cause of action against a person who,

17 acting under color of state law, deprives another of rights

18 guaranteed under the Constitution."  *Henderson v. City of Simi*

19 *Valley*, 305 F.3d 1052, 1056 (9th Cir. 2002).[1]

20      To prevail under § 1983, a plaintiff must allege and

21 ultimately prove that a government official acting under color of

22 state law deprived him of a right secured by the United States

23

24          _____

            [1] Plaintiff also cites *Bivens v. Six Unknown Fed. Narcotics*
25 *Agents*, 403 U.S. 388 (1971).  *Bivens* provides a private cause of
   action against <u>federal</u> agents (or other <u>federal</u> officials) for
26 civil rights violations because § 1983 does not apply to federal
   actors.  Here, however, no federal agents were involved in the
27 alleged unlawful actions taken against Plaintiff, so *Bivens* is
   not relevant.
28

                                    5

Constitution or the laws of the United States.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  Here, Plaintiff alleges several Fourth Amendment violations and possibly a Fifth Amendment violation.  *See* Doc. 1, Compl.  Plaintiff implicates both local government entities and individual police officers in his suit.  Section 1983 extends liability differently to local governments than to individuals.

### 1.   Local Government Liability Under *Monell*.

Local government entities can be directly liable under § 1983 for monetary, declaratory, and injunctive relief, but only if the allegedly unconstitutional actions were taken pursuant to a "policy statement, ordinance, or decision officially adopted and promulgated by that body's officers."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 659, 690 (1978).  Alternatively, local government entities can be liable for adopting an unconstitutional custom, even if such custom has not received formal approval through the body's official decision-making channels.  *Id. at* 691.[2]

A local government entity cannot be held liable under § 1983 simply because it <u>employs</u> someone who has acted unlawfully.

> Instead, it is when execution of a government's policy or custom, whether made by its law-makers or by those whose edicts or acts may fairly be said to

---

[2]  Congress included customs within the scope of § 1983 to encompass persistent and widespread discriminatory practices which, although not authorized by law, may be so permanent and well-settled so as to have the force of law.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167-68 (1970).

**6**

> represent official policy, inflicts the injury that the government as an entity is responsible....

*Monell*, 436 U.S. at 694.  Rather, local government liability is limited to acts that the local government has "officially sanctioned or ordered."  *Pembaur v. City of Cincinnati*, 475 U.S. 469 at 470.  Liability may even be "imposed for a single decision by municipal policymakers under appropriate circumstances."  *Id.*  If the decision to adopt a particular course of action is directed by those who establish policy, the local government is responsible whether that action is to be taken only once or to be taken repeatedly.  *Id.*

### 2.   Individual Local Government Officer Liability.

Individual local government officers can be named as defendants either in their personal or official capacities.  A suit against an individual officer in his or her <u>official</u> capacity is "only another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  As such, to state a claim against an individual officer in his official capacity, a plaintiff must allege an unconstitutional "policy statement, ordinance, or decision officially adopted and promulgated by that body's officers."  *Monell*, 436 U.S. at 659, 690.

In contrast, a claim against an individual local government officer acting in his or her <u>personal</u> capacity is quite different from a *Monell* claim against a local government entity.  A plaintiff suing an individual officer in his or her personal capacity is not required to establish any connection between the

7

alleged unlawful act and a governmental "policy or custom."
However, officials sued in this manner may assert personal
immunity defenses such as qualified[3] immunity.  *Hafer v. Melo*, 502
U.S. 21, 25 (1991).


   B.   <u>**Motions to Dismiss.**</u>

       1.   **The FPD is a Redundant Defendant.**

       Plaintiff names both the City and the FPD as Defendants.
Doc. 1, Compl. at 1.  City Defendants move to dismiss the FPD
from this suit.  Doc. 14, City's Motion at 2-3.  City Defendants
argue that naming the FPD--a department of the City--as a
separate defendant is redundant.  *Id.* at 2-3.  Defendants are
correct.  The City is ultimately liable for the actions of its
departments, and it is not necessary to name FPD as a separate
defendant.  The FPD is **DISMISSED AS A DEFENANT.**[4]
//
//

       2.   **Naming Manfredi in his Official Capacity is**

_____

       [3]   Deciding whether an individual official is entitled to
qualified immunity (and is thereby immune from liability) entails
a two-step analysis.  First, a court must ask whether the
plaintiff's Constitutional or federal statutory rights were
violated at all.  If the answer to this question is yes, the
court must then inquire whether the right violated was "clearly
established" by asking whether a reasonable individual could
believe that the defendant's actions were lawful.  If the
official reasonably believed his or her actions were lawful, the
official cannot be subjected to further litigation.  *See Saucier
v. Katz*, 533 U.S. 194, 201 (2001).

       [4]   If otherwise valid, claims that involve the FPD and/or
its employees may proceed against the City or against the
individual officers.

**8**

**Redundant.**

Plaintiff names Defendant Manfredi in both his official and personal capacities.  Doc. 1, Compl. at 4.  City Defendants argue that naming Defendant Manfredi alongside the City (his ultimate employer) is redundant.  Doc. 14, City's Motion at 3.  As explained above, official capacity suits are "only another way of pleading an action against an entity of which an officer is an agent."  *Graham*, 473 U.S. at 165.

> Suits against state officials in their official capacity therefore should be treated as suits against the governmental entity....[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official....

*Hafer*, 502 U.S. at 25 (citations and internal quotations omitted).  Suing Defendant Manfredi in his official capacity alongside the City is therefore redundant.  Plaintiff's claim against Manfredi in his official capacity is **DISMISSED** for redundancy.[5]

### 3. Plaintiff's Claims of Unlawful Entry and/or Use of Excessive Force Against the City of Fresno are Sufficient to Survive a Motion to Dismiss.

Plaintiff alleges that his injuries were caused, at least in part, by the City and the FPD's negligent training, staffing, supervision, control, and discipline of Defendants Manfredi and Tafoya.  Doc. 22, Opp. at 10.  City Defendants move to dismiss Plaintiff's claims against the City of Fresno/FPD for failure to

[5]  Plaintiff's claims against Manfredi in his personal capacity are not affected by this ruling.

9

1  allege a governmental "policy or custom" of civil rights
2  violation.  Doc. 14, City's Motion at 3:19-22.

3        Under certain circumstances, a municipality can be liable
4  for failure to properly train its employees.  *City of Canton,*
5  *Ohio v. Harris*, 489 U.S. 378, 388 (1989).  To prevail on a
6  failure to train theory, a plaintiff must prove that the
7  inadequacy of training amounted to "deliberate indifference to
8  the rights of persons with whom the police come into contact."
9  *Id.; see also Tanner v. Heise*, 879 F.2d 572, 582-83 (9th Cir.
10  1989).  Only where plaintiff can prove that a failure to train
11  reflects a "deliberate" or "conscious" choice by a municipality
12  can a city be liable for such a failure under § 1983.  It will
13  not suffice to prove that an injury or accident could have been
14  avoided "if an officer had had better or more training,
15  sufficient to equip him to avoid the particular injury-causing
16  conduct.  Such a claim could be made about almost any encounter
17  resulting in injury...."  *City of Canton*, 489 U.S. at 391.
18  "[A]dequately trained officers occasionally make mistakes; the
19  fact that they do says little about the training program or the
20  legal basis for holding the city liable."  *Id.*  "[F]or liability
21  to attach in this circumstance[,] the identified deficiency in a
22  city's training program must be closely related to the ultimate
23  injury."  *Id.*

24        A municipality's failure to failure to supervise its
25  employees can also give rise to § 1983 liability, but only in
26  those situations where there is a history of wide-spread abuse.
27  *See Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir.
28  1983)(cited with approval in *City of Canton*, 489 U.S. at 399).

**10**

Similarly, "municipal inaction such as the persistent failure to discipline subordinates who violate civil rights could give rise to an inference of an unlawful municipal policy of ratification of unconstitutional conduct within the meaning of Monell." *Sarus v. Rotundo*, 831 F.2d 397, 400-01 (2d Cir. 1987).

Plaintiff need not satisfy all of the requirements set forth above at the motion to dismiss stage.  Rather, a claim against a local government is sufficiently pled so long as it states a "short and plain" statement of an unconstitutional act or decision for which the local government is responsible.  *See* Fed. R. Civ. P. 8(a)(2).  Plaintiff claims that the City of Fresno/FPD negligently trained, staffed, supervised, controlled, and disciplined Defendants Manfredi and Tafoya--all of which led to his injuries.  Doc. 22, Opp. at 10.  This is sufficient to satisfy the requirements of Fed. R. Civ. P. 8(a)(2) and *Monell* at the pleading stage.  City Defendants' motion to dismiss the Complaint with regard to the City of Fresno/FPD is **DENIED**.[6]

### 4.   Plaintiff's Standing to Allege Unlawful Entry into His Parents' Home.

Plaintiff claims that police officers violated his Fourth Amendment rights when they unlawfully entered his parents' house. Doc. 1, Compl. at 9.  Defendants argue that Plaintiff lacks

---

[6]   As explained below, Plaintiff's conspiracy claims are dismissed with leave to amend.  During oral argument on the motion to dismiss, Plaintiff expressed his interest in re-stating his conspiracy allegations in an amended complaint.  Accordingly, Plaintiff will be required to re-state all of his claims in any amended complaint, including those that survived this motion to dismiss.

1  standing to make a claim for unlawful entry into "the home of his
2  parents."  Doc. 14, City's Motion at 4.

3      To invoke the jurisdiction of the federal courts, a party
4  must satisfy the threshold requirement imposed by Article III of
5  the Constitution: A plaintiff must demonstrate "a personal stake
6  in the outcome[, which] assures...concrete adverseness [and]
7  sharpens the presentation of issues...."  *City of L.A. v. Lyons*,
8  461 U.S. 95, 101 (1983).  To satisfy the standing requirement, a
9  plaintiff must have "a legitimate expectation of privacy in the
10 area searched."  *United States v. Perez*, 700 F.2d 1232, 1236 (8th
11 Cir. 1983); *see also Rakas v. Illinois*, 439 U.S. 128, 143 (1978).
12 "[A] person can have a legally sufficient interest in a place
13 other than his own home so that the Fourth Amendment protects him
14 from unreasonable governmental intrusion in that place."  *Id.* at
15 142.  A party can claim the protection of the Fourth Amendment
16 even if his interest in the premises is not "a recognized
17 property interest at common law."  *Id.* at 143.  Standing will be
18 denied to a "casual visitor who walks into a house one minute
19 before a search commences" or "has never...been permitted to
20 visit" the room searched.  *Id.* at 142.

21     In this case, Plaintiff asserts in his opposition that he is
22 in fact the owner of the home in question.  Ownership of the
23 residence would make Plaintiff more than a "casual visitor"
24 within the meaning of *Rakas.*  Doc. 22, Opp. at 13.[7]  Moreover,

25

26 ──────────────
      [7]  One who owns or lawfully possesses property will usually
   have a legitimate expectation of privacy by virtue of his right
27 to exclude.  *Rakas*, 439 U.S. at 143 n.12.  However, a property
   interest may not be sufficient to establish a legitimate
28 expectation of privacy in some situations.  An obscure landlord,

Plaintiff is the son of the regular occupants of the home.   Under

these facts, it would be reasonable to afford Plaintiff a

legitimate expectation of privacy in the entire home.   However,

Plaintiff's complaint does not assert his ownership of the

residence.   Defendants' motions to dismiss Plaintiff's unlawful

entry claim for lack of standing is **GRANTED WITH LEAVE TO AMEND**.

### 5.   Plaintiff Fails to Properly Allege a Conspiracy.

Plaintiff alleges that Defendants Manfredi and Tafoya

conspired to violate his rights by falsifying a police report.

Doc. 1, Compl. at 13-14.   Defendants argue that Plaintiff has

failed to allege facts that support a conspiracy claim.   Doc. 14,

City's Motion at 4.

In the Ninth Circuit, conspiracy claims are subject to a

heightened pleading standard (i.e., a more demanding standard

than is set forth in Fed. R. Civ. P. 8(a)(2)).   *See Harris v.*

*Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997).[8]   Plaintiff may

meet the heightened pleading standard by specifically alleging

"which defendants conspired, how they conspired and how the

for example, may not have a privacy expectation in a tenant's
apartment, and thus may lack standing to raise the issue of the
legality of an entry into the tenant's apartment.   *United States*
*v. Rios*, 611 F.2d 1335, 1345 (10th Cir. 1979); *see also Looney v.*
*City of Wilmington*, 732 F. Supp. 1025, 1031 (D. Del. 1989).

[8]   In his opposition, Plaintiff correctly cites *Mendocino*
*Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir.
1999) for the proposition that "[w]hether defendants were
involved in an unlawful conspiracy is generally a factual issue
and should be resolved by the jury."   However, that case was
decided on summary judgment (a later stage in the litigation
process where a court is asked to determine whether there are any
factual disputes that should be left for a jury to decide).
Different standards apply in the analysis of a motion to dismiss,
at which stage a judge must determine whether a complaint meets
the applicable pleading standards.

conspiracy led to a deprivation of his constitutional rights...."
*Id.* at 1196 (emphasis added).  "[V]ague conclusory allegations"
are insufficient to meet this pleading standard.  *Mosher v.
Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).

Plaintiff alleges that Defendants Manfredi and Tafoya
conspired to violate his rights by falsifying a police report.
Doc. 1, Compl. at 14.  Regardless of whether Plaintiff's
conspiracy claim is grounded in the Fourth or Fifth Amendment, he
provides absolutely no factual basis for his "conclusory
allegations" of conspiracy.  *See Id.* at 13-14.  Plaintiff's
complaint is devoid of any discussion of an agreement between
Manfredi and Tafoya to violate his constitutional rights.  As
currently pled, the Complaint fails to meet the heightened
pleading standard for conspiracy.  However, Plaintiff asserted at
oral argument on these motions that he could allege additional
facts related to the conspiracy.  Plaintiff will be afforded an
opportunity to amend his complaint.

Defendants' motions to dismiss Plaintiff's claim for
conspiracy are **GRANTED WITH LEAVE TO AMEND.**

### 6.    Plaintiff Fails to Allege a Fifth Amendment Violation.

In the introductory paragraphs of his Complaint, Plaintiff
alleges that Defendants have violated his Fourth, Fifth, and
Fourteenth Amendment Constitutional rights.  Doc. 1, Compl. at 5
and 7.  The Complaint fails to mention any specific Fifth
Amendment violation and Plaintiff's Opposition appears to concede
his failure to properly allege a Fifth Amendment claim.  *See* Doc.

**14**

22, Opp. at 13.  Nevertheless, to the extent Plaintiff does plead
a Fifth Amendment claim, Defendants move to dismiss.  Doc. 14,
City's Motion at 3-4.

Given the facts of the case, the only plausible Fifth
Amendment claim is a deprivation of a plaintiff's procedural due
process rights resulting from the alleged falsification of a
police report.  Where a plaintiff alleges the deprivation of a
liberty interest without procedural due process of law, plaintiff
must demonstrate that no "meaningful postdeprivation remedy" is
available to him under state law.  *See Hudson v. Palmer*, 468 U.S.
517, 533 (1984).  Plaintiff's Complaint contains no allegation
that he has pursued any state judicial review of this claim,
through trial or appeal, or why such alternative remedies would
be inadequate.  To the extent that Plaintiff does make a Fifth
Amendment claim, Defendants' motions to dismiss are **GRANTED WITH
LEAVE TO AMEND**.

### 7.   Declaratory Relief is not Appropriate.

Plaintiff requests a declaratory judgment that the
Defendants' "acts and conduct...violated [his] constitutional
rights...."  Doc. 1, Compl. at 15.  Defendants move to dismiss
Plaintiff's claim for declaratory relief.  Doc. 14, City's Motion
at 5.

A declaratory judgment simply declares the "rights of the
parties or expresses the opinion of the court on a question of
law, without ordering anything to be done."  *Gutensohn v. Kansas
City S. Ry.*, 140 F.2d 950, 953 (8th Cir. 1944).  A declaratory
judgment is distinguished from other actions in that it does not

seek execution or performance from the opposing parties.  *Id.*

"The declaratory judgment procedure may be resorted to only in

the sound discretion of the Court and where the interests of

justice will be advanced and an adequate and effective judgment

may be rendered."  *Alabama State Fed'n of Labor v. McAdory*, 325

U.S. 450, 462 (1945).

Declaratory relief is appropriate if there is an actual

"controversy, between parties having adverse legal interests, of

sufficient immediacy and reality to warrant the issuance of a

declaratory judgment."  *Maryland Cas. Co. v. Pac. Coal & Oil Co.*,

312 U.S. 270, 273 (1941); *Seattle Audobon Soc'y v. Moseley*, 80

F.3d 1401, 1405 (9th Cir. 1996).  An actual controversy is

definite and concrete, and is "distinguished from a difference or

dispute of a hypothetical or abstract character; from one that is

academic or moot."  *Aetna Life Ins. Co. of Hartford, Conn. v.

Haworth*, 300 U.S. 227, 240 (1937).  A controversy exists

justifying declaratory relief only when the challenged government

activity has not disappeared or evaporated, and, "by its

continuing and brooding presence, casts what may well be a

substantial adverse effect on the interests of the petitioning

parties."  *Headwaters, Inc. v. Bureau of Land Management*, 893

F.2d 1012, 1015 (9th Cir. 1989) (citation and internal quotations

omitted).  The adverse effect, however, cannot be "so remote and

speculative that there is no tangible prejudice to the existing

interests of the parties."  *Id.* (citation and internal quotations

omitted).  "That the dispute turns upon questions of fact [rather

than law] does not withdraw it...from judicial cognizance."

*Aetna*, 300 U.S. at 242.  Moreover, "[t]he existence of another

adequate remedy does not preclude a judgment for declaratory
relief in cases where it is appropriate." Fed. R. Civ. P. 57.

Here, Plaintiff claims that his Constitutional rights have
been violated and seeks money damages. In his Opposition,
Plaintiff also asserts that he lost his job as a result of this
controversy and impliedly asserts that declaratory relief might
vindicate him in the eyes of his employer. Doc. 22, Opp. at 16.
If Plaintiff prevails in this case by establishing a violation of
his civil rights, he will be entitled to damages, even if
nominal. This will provide objective verification of the
efficacy of his position. A declaratory judgment cannot be
issued to remedy past wrongs that are compensable by damages.
Accordingly, defendants' motions to dismiss Plaintiff's claim for
declaratory relief are **GRANTED WITH PREJUDICE.**

### 8.   Plaintiff is not Entitled to Injunctive Relief.

Plaintiff seeks an injunction to prohibit Defendants from
"harassing, retaliating, or reprising Plaintiff" for filing this
suit, and from "taking any action against Plaintiff until [he]
has been afforded his rights secured under the United States
Constitution...." Doc. 1, Compl. at 15-16. Defendants move to
dismiss Plaintiff's claim for injunctive relief for failure to
establish the necessary grounds for its award. Doc. 14, City's
Motion at 5-6.

To obtain injunctive relief, plaintiff must establish
"irreparable injury and the inadequacy of legal remedies."
*Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). The key
word in this consideration is "irreparable." *Sampson v. Murray*,

17

415 U.S. 61, 90 (1974).  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough."  *Id.*  Moreover, The purpose of an injunction is to prevent future violations.  "Where the activities sought to be enjoined have already occurred, and the...courts cannot undo what has already been done, the action is moot."  *Friends of The Earth, Inc. v. Bergland*, 576 F.2d 1377 (9th Cir. 1978).  However, if a plaintiff can demonstrate the existence of "some cognizable danger of [a] recurrent violation" of a previous harm beyond "mere possibility," an injunction may be granted.  *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953).

Plaintiff fails to assert that there is any danger of future violations beyond a "mere possibility."  *See id.*  Plaintiff does assert that he was fired from his job as a result of the incident at issue.  Doc. 22, Opp. at 16.  However, this was not a decision made by Defendants, nor ameliorable by Defendants, because Defendants are not and were not Plaintiff's employer.  *See id.*  Moreover, even if he was fired by Defendants, absent a "genuinely extraordinary situation," termination of employment does not constitute "irreparable injury."  *Sampson*, 415 U.S. at 91-92.[9] Plaintiff fails to satisfy the requirements for injunctive relief.  Defendants' motions to dismiss Plaintiff's claim for injunctive relief are **GRANTED.**

---

[9]    Plaintiff suggested at oral argument that he desired an injunction to prevent the city from prosecuting him.  Federal courts almost never enjoin state criminal proceedings.  See *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004).

**B.   Motions for More Definite Statement**

       **1.   False Arrest Claim.**

The complaint appears to allege that police officers unlawfully/falsely arrested Plaintiff.  Doc. 1, Compl. at 7-11. Plaintiff "waives" this claim in his opposition, and apparently does not oppose dismissal.  Doc. 22 at 16.  Accordingly, Defendants' motions for a more definite statement as to any claim of false arrest is **DENIED AS MOOT** because any such claim must be **DISMISSED**.

       **2.   Conspiracy Claim.**

Defendants' motions for a more definite statement of Plaintiff's conspiracy claim is **DENIED AS MOOT** because Plaintiff's conspiracy claim has been dismissed.

**V.   CONCLUSION**

For the reasons set forth above:

**A.   Motions to Dismiss.**

    1.   City Defendants' motion to dismiss Plaintiff's claim against the FPD for redundancy is **GRANTED**.

    2.   City Defendants' motion to dismiss Plaintiff's claim against Defendant Manfredi in his official capacity for redundancy is **GRANTED**.

    3.   City Defendants' motion to dismiss Plaintiff's Fourth Amendment claims against the City of Fresno is **DENIED**.

4.    Defendants' motions to dismiss Plaintiff's claim
      of unlawful entry into his parents' home for lack
      of standing is **GRANTED WITH LEAVE TO AMEND.**

5.    Defendants' motions to dismiss Plaintiff's
      conspiracy claim against Defendants Manfredi and
      Tafoya are **GRANTED WITH LEAVE TO AMEND.**

6.    Defendants' motions to dismiss Plaintiff's Fifth
      Amendment claim is **GRANTED WITH LEAVE TO AMEND.**

7.    Defendants' motions to dismiss Plaintiff's claim
      for declaratory relief are **GRANTED.**

8.    Defendants' motions to dismiss Plaintiff's claim
      for injunctive relief are **GRANTED.**

B.    **Motions for More Definite Statement.**

1.    Defendants' motions for a more definite statement
      of Plaintiff's claim of false arrest are **DENIED AS
      MOOT.**

2.    Defendants' motions for a more definite statement
      of Plaintiff's conspiracy claim are **DENIED AS
      MOOT.**

Plaintiff shall file any amended complaint within 20 days of
service of this order.

**SO ORDERED.**

Dated: August 11, 2005

                                    **/s/ OLIVER W. WANGER**

                              _____

                                    **Oliver W. Wanger
                              UNITED STATES DISTRICT JUDGE**