1

2

3

4

5

6                     **UNITED STATES DISTRICT COURT**

7                    **EASTERN DISTRICT OF CALIFORNIA**

8  DAVID ANTHONY RENDON,          )     1:05-CV-00661 OWW DLB
                                  )
9              Plaintiff,         )     MEMORANDUM DECISION AND
                                  )     ORDER RE DEFENDANTS' MOTION
10     v.                         )     TO DISMISS (DOC. 30)
                                  )
11 CITY OF FRESNO, et al.,        )
                                  )
12             Defendants.        )
   _____)

13

14

15                    I.   **INTRODUCTION**

16     This matter is before the Court on Defendants' motion to

17 dismiss portions of pro se Plaintiff David Rendon's first amended

18 complaint.  Rendon alleges that his Fourth Amendment rights were

19 violated when Fresno Police Department ("FPD") officers

20 unlawfully entered his parents' home during a party and used

21 excessive force against him and others.

22     Defendants concurrently filed a motion to consolidate this

23 case with *Rodriguez v. Fresno*, 1:05-CV-1017.  (*See* Doc. 32, fild

24 Sept. 22, 2005.)  That motion is addressed in a separate order.

25

26

27                   II.   **PROCEDURAL HISTORY**

28     Plaintiff filed this lawsuit on May 20, 2005, naming as

                                **1**

1   Defendants the City of Fresno ("the City"), the FPD, Sergeant

2   Mike Manfredi ("Manfredi"), Officer Marcus Tafoya ("Tafoya"), and

3   a number of unnamed defendants.  (Doc. 1.)   The initial complaint

4   alleged that FPD officers violated Plaintiff's Fourth Amendment

5   rights by unlawfully entering the home of Plaintiff's parents and

6   using excessive force in arresting Plaintiff.   The complaint also

7   sought to allege that FPD officers violated Plaintiff's rights by

8   conspiring to falsify a police report.  (*Id*.)

9          Defendants moved to dismiss and, in the alternative, for a

10  more definite statement.  (Docs. 14 & 17.)   In an August 11, 2005

11  order, the district court dismissed as redundant the FPD as a

12  defendant and the claims against Defendand Manfredi in his

13  official capacity.  (Doc. 28 at 8-9.)   Plaintiff's claims of

14  unlawful entry and/or use of excessive force against the City

15  <u>were sufficient to survive a motion to dismiss</u> under *Monell*.[1]

16  (*Id*. at 9-10.)   However, Plaintiff failed to properly allege a

17  conspiracy claim, as such claims are subject to a heightened

18  pleading standard.  (*Id*. at 13-14.)   In addition, Plaintiff

19  appeared to "waive" any false arrest claim that might have been

20  stated in the initial complaint.  (*See* Doc. 22. at 16.)   Any

21  false arrest claim was also dismissed.  (*Id*. at 19.[2])   The claims

22  _____

23        [1]    The unlawful entry claim was dismissed with leave to
     amend because Plaintiff had not established standing to allege a
24   claim of unlawful entry into his parent's home.  (*Id*. at 11-12.)
     At the hearing on the previous motion to dismiss, Plaintiff
25   clarified that he in fact owns the home and Plaintiff so alleges
     in his first amended complaint.
26

27        [2]    Plaintiff stated in his opposition to the first motion
     to dismiss that he would "waive a 'false arrest' claim at this
28   point, but will reserve that claim since Counsel has opened the

**2**

1  for declaratory or injunctive relief were dismissed.  (*Id*. at 16-
2  18.)

3      Plaintiff's first amended complaint, filed August 29, 2005,
4  alleges that his Fourth Amendment rights were violated when
5  Defendants Manfredi and Tafoya, along with other FPD officers,
6  unlawfully entered Plaintiff's home; and used excessive force in
7  the course of arresting Plaintiff.  (Doc. 29 at ¶¶12-24)  Second,
8  Plaintiff claims that the City of Fresno ("City") negligently
9  hired, trained, staffed, and supervised the officers involved in
10 the allegedly unlawful entry and use of force.  (*Id*. at ¶¶25-29).
11 Plaintiff's third claim is that that Defendants Manfredi and
12 Tafoya "conspir[ed] to violate [his] constitutional [] rights by
13 falsifying [a] Police Report." (*Id*. at ¶33)  Finally, Plaintiff
14 alleges that all Defendants are liable under California Civil
15 Code sections 52 and 52.1, for violating his civil rights.  (*Id*.
16 at ¶41-44).

17     Defendants' motion to dismiss challenges only the conspiracy
18 claim brought against Defendants Manfredi and Tafoya.  (Doc. 30,
19 filed Sept. 8, 2005.)  Defendants first argue that the conduct
20 alleged in the third cause of action does not amount to a
21 constitutional violation.  Alternatively, Defendants maintain
22 that Plaintiff still has not satisfied the heightened pleading
23 requirements applicable to a conspiracy claim.

24

---

25 door."  Doc. 22 at 16.  Despite Plaintiff's stated intent to
26 "reserve" the claim, he offered no legal or factual authority to
   oppose Defendants' motion to dismiss that claim.  Accordingly,
27 the district court dismissed the claim.  Because Plaintiff made
   no attempt to re-plead any such claim in the first amended
28 complaint, he is not entitled to bring up such a claim now.

**3**

**1**　　　　　　**III.**　**STANDARD OF REVIEW IN A MOTION TO DISMISS**

**2**　　　　Fed. R. Civ. P. 12(b)(6) provides that a motion to dismiss

**3** may be made if the plaintiff fails "to state a claim upon which

**4** relief can be granted."　However, motions to dismiss under Fed.

**5** R. Civ. P. 12(b)(6) are disfavored and rarely granted.　The

**6** question before the court is not whether the plaintiff will

**7** ultimately prevail; rather, it is whether the plaintiff could

**8** prove any set of facts in support of his claim that would entitle

**9** him to relief.　*See Hishon v. King & Spalding*, 467 U.S. 69, 73

**10** (1984).　"A complaint should not be dismissed unless it appears

**11** beyond doubt that plaintiff can prove no set of facts in support

**12** of his claim which would entitle him to relief."　*Van Buskirk v.*

**13** *CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted).

**14**　　　　In deciding whether to grant a motion to dismiss, the court

**15** "accept[s] all factual allegations of the complaint as true and

**16** draw[s] all reasonable inferences" in the light most favorable to

**17** the nonmoving party.　*TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th

**18** Cir. 1999); *see also Rodriguez v. Panayiotou*, 314 F.3d 979, 983

**19** (9th Cir. 2002).　A court is not "required to accept as true

**20** allegations that are merely conclusory, unwarranted deductions of

**21** fact, or unreasonable inferences."　*Sprewell v. Golden State*

**22** *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**23**

**24**　　　　　　　　　　　**IV.**　**DISCUSSION**

**25**　　　　Defendants move to dismiss Plaintiff' third cause of action,

**26** which alleges a "Violation of Civil Rights Under Color of Law;

**27** Fourth and Fourteenth Amendments of the Constitution of the

**28** United States; Art. I §§ 7 and 13 [of the California

1  Constitution]; 42 U.S.C. §§ 1983 and 1988; and Cal Penal Code §§

2  118.1 and 181," brought "Against Defendants Sgt. Manfredi and

3  Tafoya for conspiring to violate Plaintiff's constitutional [sic]

4  secured rights by falsifying the Police Report."  (Doc. 29 at

5  13.)  In this cause of action, Plaintiff sets forth the

6  following:

7

8  35. [] [I]t is unlawful to falsify a Police Report and
   to commit perjury in the State of California. §§ 118.1
   and 181(a), Cal Penal Code.  Defendants Sgt. Manfredi
9  and Tafoya falsified the Police Report [#50AL3386 -
   attached to the Appendix marked Exhibit "A"].  By
10 reading said Police Report - the Defendants alleged
   that Plaintiff committed an assault.  Had Plaintiff
11 committed the assault described by the Defendants in
   their Police Report - Plaintiffs would not be before
12 this Court seeking redress.

13 36. Defendants Sgt. Manfredi and Tafoya conspired
   together by falsely creating the allegations of the
14 Police Report in order to justify their unlawful acts
   and conduct.

15
   37. [] [I]t is a violation of state law to falsify a
16 Police Report and commit perjury in and from that
   process.  It is also a violation of the Fourth
17 Amendment, applicable to the States through the
   Fourteenth Amendment, to conspire to violate a
18 citizens' right by falsifying a Police Report.  Cf.
   Baldwin v. Placer County, 405 F.3d 778 (9th Cir. 2005).

19
   38.  Plaintiff is submitting the Declarations of
20 Witnesses who witnessed the incident, attached to the
   Appendix marked Exhibit "B," to establish the
21 allegations of the Police Report to be false.
   Plaintiff never assaulted any Police Officer.

22
   39.  As a direct and proximate result of the above-
23 referenced unlawful acts and unlawful conduct by
   Defendants committed under color of law and under their
24 authority as police officers, Plaintiff was deprived of
   his rights secure [sic] under the Fourth and Fourteenth
25 Amendments of the Constitution of the United States;
   Article I, §§ 7 and 13 of the California Constitution;
26 42 U.S.C. §§ 1983, 1988; and Cal Penal Code §§ 118.1
   and 181(a).

27 //

28 //

**5**

1

2

3

4

> 40.  As a further direct and proximate result of the malicious and outrageous conduct of the Defendants, Plaintiff has suffered special damages in the form of loss of job and wages and will suffer additional special damages in the future, an amount of which cannot yet be determined.

(*Id*. at ¶¶ 35-40.)

5

6

7

8

9

10

Plaintiff invokes numerous provisions of federal and state as grounds for this claim: the Fourth and Fourteenth Amendments to the United States Constitution; Article I, §§ 7 and 13 of the California Constitution; 42 U.S.C. §§ 1983, 1988; and Cal Penal Code §§ 118.1 and 181(a)[3].

11

12

13

14

15

16

17

18

19

20

21

22

23

24

As a threshold matter, Plaintiff cannot pursue a damages claim directly under any provision of the California Penal Code. Plaintiff also cannot bring a damages claim directly under Sections 7 or 13 of the California Constitution, in part because alternative statutory and/or common law causes of action are available to redress his grievances.  *Cf. Katzberg v. Regents of Univ. of Cal.*, 29 Cal. 4th 300, 303 (2002).  For example, California Civil Code § 52.1(b), which Plaintiff cites in his fourth cause of action, provides that "any individual whose exercise or enjoyment of rights secured...by the Constitution or laws of [California]...has been interfered with... may institute...a civil action for damages...."  Plaintiff does not, however, invoke this provision in the context of his conspiracy allegation.

25

26

27

28

---

[3]  Although Plaintiff cites California Penal Code 181(a) in his complaint, no such provision exists.  California Penal Code 181, which makes it unlawful to hold a person in involuntary servitute, contains no subsection (a).  It appears that this was a typographical error and that Plaintiff was attempting to cite § 118(a), which concerns the crime of perjury.

1    Similarly, Plaintiff cannot bring this suit directly under

2  the Fourth or Fourteenth Amendments to the United States

3  Constitution, because Congress has created an alternative legal

4  remedy.  *Carlson v. Green*, 446 U.S. 14, 20 (1980) (no cause of

5  action directly under constitutional provision where "Congress

6  has provided an alternative remedy which it explicitly declared

7  to be a substitute for recovery directly under the Constitution

8  and viewed as equally effective.").  Here Plaintiff, who claims

9  his constitutional rights have been violated by a state actor,

10  may file suit under one of the federal civil rights statutes.

11  *E.g.*, 42 U.S.C. § 1983.  Plaintiff does invoke sections 1983 and

12  1988 in support of this conspiracy claim.  Section 1988 allows

13  for the recovery of attorneys fees by a prevailing party in a

14  civil rights suit, but does not provide an independent

15  substantive basis for Plaintiff's damages claim.  The only ground

16  upon which Plaintiff's conspiracy claim may stand is section

17  1983.  There is no independent claim for damages for civil

18  conspiracy.  Rather, conspiracy is a legal theory under which

19  vicarious liability may be imposed upon all those involved in the

20  conspiracy.  *See Hall v. Clinton*, 285 F.3d 75, 83 (D.C. Cir.

21  2002).

22    Defendants argue (1) that the third cause of action fails to

23  state a claim under section 1983; and (2) that Plaintiff still

24  has not satisfied the heightened pleading standards applicable to

25  conspiracy claims.

26  //

27  //

28  //

**7**

**1**

### 1.   Plaintiff's Allegations Regarding the Falsification of a Police Report.

As explained in prior orders in this case, 42 U.S.C. § 1983 "creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1056 (9th Cir. 2002).  Section 1983, provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Plaintiff has already met the minimal pleading standard for two claims brought under section 1983:  (1) the first cause of action for individual liability against Defendants Manfredi and Tafoya for unconstitutional entry and excessive use of force under cover of state law; and (2) the second cause of action for municipal liability against the City for failure to supervise, train, etc., its officers.

The third cause of action attempts to allege that Defendants conspired to violate his civil rights.  A section 1983 conspiracy is defined as "a combination of two or more persons acting in concert to commit an unlawful act,... the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages." *Earle v. Benoit*, 850 F.2d 836, 844 (1st Cir. 1988) (citations omitted).  To allege a conspiracy under section 1983,

**8**

1  Plaintiff must allege that the conspiracy deprived him of a civil

2  right protected by section 1983.  A conspiracy is not, by itself,

3  a violation of section 1983.  *See*, *Adickes v. S.H. Kress & Co.*,

4  398 U.S. 144, 150 (1970).  For example, if a plaintiff alleges

5  that a police officer unlawfully secured a search warrant for his

6  home by giving false testimony to a magistrate judge, this may

7  state a claim under section 1983.  *See, e.g., Liston v. County of*

8  *Riverside*, 120 F.3d 965, 973 (9th Cir. 1997).  If a plaintiff

9  further alleges that several police officers met together and

10  agreed to falsify police reports and/or give false testimony to

11  the magistrate, this might state a conspiracy claim under section

12  1983.  *See Baldwn v. Placer County*, 405 F.3d 778 (9th Cir.

13  2005)(opinion amended and superceded on denial of rehearing, 2005

14  WL 1863322)(Section 1983 conspiracy claim properly pled where

15  plaintiff alleged that police officers conspired to submit a

16  false affidavit to a magistrate in order to obtain a search

17  warrant).[4]  The critical element in this hypothetical conspiracy

18  claim is that the conspiracy <u>led to</u> the underlying violation of

19  plaintiff's Fourth Amendment right to be free from an unlawful

20  search and seizure.   It is not enough to allege that a

21  conspiracy caused plaintiff harm; the harm must be to one's

22  constitutional rights.   *See Hullett v. Smiedendorf*, 52 F. Supp.

23  2d 817, 824 (W.D. Mich. 1999)(no deprivation of rights protected

24  by section 1983 where plaintiff alleged that false information in

25

26       [4] *Baldwin*, cited by Plaintiff in the first amended
27  complaint, is distinguishable from the conspiracy claim Plaintiff
    attempts to set forth here, where there is no allegation that
28  police used false information to obtain a search warrant.

1 a police report "humiliated, defamed, and generally vilified" him

2 and that investigation of the incident was delayed because of the

3 alleged conspiracy to falsify the reports, causing him

4 "substantial emotional distress").

5     Here, Plaintiff alleges that "Defendants Sgt. Manfredi and

6 Tafoya conspired together by falsely creating the allegations of

7 the Police Report in order to justify their unlawful acts and

8 conduct."  (Doc. 29 at ¶36.)  (Plaintiff waived his false arrest

9 claim in the prior round of motions to dismiss and has not re-

10 stated that claim in the first amended complaint, nor has he

11 attempted to state a claim for malicious prosecution.)

12 Essentially, Plaintiff alleges that Defendants agreed to create a

13 false police report to cover up alleged civil rights violations

14 that took place prior to any acts allegedly taken to falsify the

15 reports or to violate his civil rights.  This conspiracy

16 allegation is arguably just an extension of the allegations set

17 forth in the second cause of action (for unconstitutional entry

18 and excessive use of force).  Nevertheless, Defendants may infer

19 from the complaint that the alleged falsification of police

20 reports contributed to a deprivation of Plaintiff's rights to be

21 free from an unlawful search and seizure.  This allegation is

22 sufficient to survive a motion to dismiss.

23

24         **2.    The Heightened Pleading Standard for a Conspiracy**.

25     As previously explained, conspiracy claims are subject to a

26 heightened pleading standard in the Ninth Circuit.  *See Harris v.*

27 *Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997).  To survive a

28 motion to dismiss, a plaintiff alleging the existence of a

**10**

1  conspiracy must meet a standard that is more demanding than that

2  set forth in Federal Rule of Civil Procedure 8(a)(2).

3  Plaintiff's opposition simply ignores the existence of this

4  heightened pleading standard, (*see* Doc. 33 at 3), but the

5  district court must nevertheless determine whether it has been

6  satisfied.

7           In order to survive a motion to dismiss, plaintiffs
           alleging a conspiracy to deprive them of their
8           constitutional rights must include in their complaint
           nonconclusory allegations containing evidence of
9           unlawful intent or face dismissal prior to the taking
           of discovery.  These allegations may be supported by
10          either direct or circumstantial evidence. This standard
           is not intended to be difficult to meet as it serves
11          the limited purpose of enabling the district court to
           dismiss insubstantial suits prior to discovery and
12          allowing the defendant to prepare an appropriate
           response, and where appropriate, a motion for summary
13          judgment based on qualified immunity.

14 *Id*. at 1195.  In *Harris*, the complaint alleged that the defendant

15 law enforcement officers "met separately and apart from the other

16 [officers], and constructed a false story about what had happened

17 in the gunfight, which false story was designed to conceal their

18 own and [others'] criminal, civil, and moral responsibility for

19 [two] deaths...."  The *Harris* complaint also alleged that the

20 defendant officers repeated the false story in official

21 documents, reports, and under oath in court proceedings.

22 Finally, the plaintiff in *Harris* alleged that the falsehoods led

23 "ultimately to the bringing of false charges against him that

24 resulted in the federal murder trial at which he was acquitted on

25 all counts [and] caused him to serve time in jail awaiting trial

26 on the federal charges."  The Ninth Circuit held that this

27 complaint satisfied the heightened pleading standard.

28 Critically, the complaint in Harris explained "which defendants

1    conspired, how they conspired and how the conspiracy led to a

2    deprivation of his constitutional rights....”   *Id*. at 1196

3    (emphasis added).

4          The first amended complaint in this case alleges that

5    Manfredi and Tafoya falsified a police report by falsely alleging

6    that Plaintiff committed an assault.   (Doc. 29 at ¶35.)

7    Plaintiff alleges generally that “Manfredi and Tafoya conspired

8    together by falsely creating the allegations of the Police Report

9    in order to justify their unlawful acts and conduct.”   An overt

10   act allegation can be inferred from this language -- that

11   Manfredi and Tafoya communicated with one another to create a

12   false police report in order to justify their deprivation of his

13   civil rights.   Although Plaintiff’s conspiracy claim could have

14   been crafted with greater clarity, it is comparable to the simple

15   allegation in *Harris*, insofar as it puts Defendants on sufficient

16   notice as to “which defendants conspired, how they conspired and

17   how the conspiracy led to a deprivation of his constitutional

18   rights....”   Defendants’ motion to dismiss the conspiracy claim

19   is **DENIED**.

20

21       B.    **Plaintiff’s Assertions that Defendants have Waived
               Various Affirmative Defenses.**

22

23        In his opposition brief, Plaintiff asserts that Defendants

24   have “waived any defense under Rule 12(c)... which could be

25   raised against the First, Second, and Fourth Causes of Action.”

26   (Doc. 33 at 2.)   Defendants concede that they have waived certain

27   defenses under Rule 12, specifically the defenses enumerated in

28   Rule 12(h)(1):   lack of personal jurisdiction, improper venue,

**12**

1 insufficiency of process, or insufficiency of service of process.

2 (*See* Doc. 35 at 2.)  However, other defenses listed in Rule

3 12(h)(2), including the defense of failure to state a claim, may

4 be asserted at later stages of the litigation.  *See* Rule

5 12(h)(2).

6      Plaintiff also argues that Defendants have "waived any Rule

7 12(c) defense and have waived any kind of immunity defense before

8 this Court and on appeal."  (Doc. 33 at 2-3.)  This is not

9 correct.  When a defendant chooses to file a motion to dismiss

10 prior to the filing of an answer, any defense enumerated in Rule

11 12(h)(1) is waived if defendant fails to raise that defense in

12 its motion to dismiss.  Once the court rules on the motion to

13 dismiss, defendant then has ten days (unless a different deadline

14 is set by the court) to file its "responsive pleading" (e.g., an

15 answer to the complaint).  *See* Fed. R. Civ. P. 12(a)(4)(A).

16 Defendants may raise any additional defenses, including immunity

17 defenses, in its answer.

18

19 **V.   CONCLUSION**

20     For the reasons set forth above, Defendants' motion to

21 dismiss the third cause of action (conspiracy) is **DENIED.**

22 **SO ORDERED**

23

24 Dated: November 23, 2005

25                          /s/ OLIVER W. WANGER

26                          _____

27                          **Oliver W. Wanger**
**UNITED STATES DISTRICT JUDGE**

28

**13**