1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GABRIEL RODRIGUEZ, et al.,

               Plaintiffs,

   v.

CITY OF FRESNO, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

1:05cv0661 OWW DLB
Consolidated with Case No.
1:05-CV-01017 OWW DLB

ORDER DENYING DEFENDANTS' MOTION
TO TRIFURCATE WITHOUT PREJUDICE

(Document 55)

Defendants Officer Marcus Tafoya and the City of Fresno ("Defendants") filed the instant motion to trifurcate on June 12, 2006.  The matter was heard before the Honorable Dennis L. Beck, United States Magistrate Judge, on July 18, 2006.  Kenneth W. Brakebill appeared on behalf of Plaintiffs Gabriel and Rebecca Rodriguez ("Plaintiffs").  James Arendt appeared on behalf of Defendants City of Fresno ("City") and Fresno Police Officer Marcus Tafoya ("Officer Tafoya").

## **BACKGROUND**

Plaintiff David Rendon filed his civil rights complaint on May 20, 2005.  Plaintiffs Gabriel and Rebecca Rodriguez ("Plaintiffs") filed their civil rights complaint on August 5, 2005.  The cases have now been consolidated.

Plaintiffs' allegations arise out of their arrests on March 5, 2005.  They allege causes of action for: (1) violations of the Fourth and Fourteenth Amendments based on their false arrests

1   and the unreasonable use of force, including allegations that the City has a policy, pattern,

2   practice and custom of arresting individuals by using improper means (excessive force), of

3   detaining individuals without probable cause, and of condoning or encouraging the

4   unconstitutional conduct of the officers; (2) assault and battery; (3) false arrest and

5   imprisonment; and (4) negligent hiring and training.

6       Defendants filed the instant motion to trifurcate on June 12, 2006, and seek to trifurcate

7   the claims for supervision and training alleged against the City of Fresno until such time as the

8   issues of liability against defendant Tafoya have been resolved, either by ruling of the Court on a

9   dispositive motion or by a decision on the merits by the trier of fact.  Defendants argue that the

10  resolution of the liability issues against Tafoya may prove to be dispositive of the entire action,

11  including the liability issues against the City, as well as the claim for punitive damages against

12  Tafoya.  Defendants contend that plaintiffs' claims against the City will require the introduction

13  of evidence concerning the City's policies, practices and customs, particularly in respect to

14  training and supervision of police officers.  Defendants contend that there is no basis for the

15  imposition of liability against the City independent of that of defendant Tafoya at the scene of the

16  incident and therefore the allegations against Tafoya should be tried first to avoid potential

17  prejudice and confusion.

18      Plaintiffs filed an opposition to the motion on June 30, 2006.  Plaintiffs oppose the

19  motion to trifurcate arguing that separate trials on the negligence claims against the City would

20  cause a duplication of effort, inefficiencies, greater delay and greater expense.  Plaintiffs argue

21  that under Defendants' proposal, many witnesses would have to testify in both liability phases of

22  the trial and certain evidence would need to be submitted twice.  Plaintiffs also argue that

23  Defendants have failed to analyze specific evidence and merely make speculative arguments in

24  efforts to justify separate trials.  Plaintiffs argue this motion is premature as the very claims

25  defendants seek to separate are the subject of pending dispositive motions.  Plaintiffs suggest that

26  the Pretrial Conference set for August 21, 2006 may be the more appropriate time to discuss the

27  trial structure.

28  ///

**DISCUSSION**

A.    Legal Standard

Federal Rule of Civil Procedure 42(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The decision to bifurcate ( or in this case trifurcate) is within the sound discretion of the trial court. Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir. 1982). In making such a decision, the court should consider whether separate trials would further judicial economy and avoid prejudice and confusion. M2 Software, Inc., v. Madacy Entertainment, 421 F.3d 1073, 1088 (9th Cir. 2005). One favored purpose of bifurcation is to avoid a difficult question by first dealing with an easier, dispositive issue. Hirst, 676 F.2d at 1261.

Defendant's arguments for trifurcating the claims for supervision and training against the City of Fresno until such time as the issues of liability of defendant Tafoya have been resolved depend in large part on the extent of the overlap of the evidence to be offered against Tafoya and the City. Given that the parties are still involved in discovery and dispositive motions are pending, an evaluation of the evidence is premature. Whether phasing the trial as requested by defendants will result in any judicial economy will depend on the *Monell* claims, if any, that remain for trial and the specific evidence to be introduced in support of and in defense of those claims. These decisions will need to be made after motions in limine and at the Pretrial Conference.

Accordingly, Defendants' motion is DENIED WITHOUT PREJUDICE to refiling the motion for trifurcation at the time of the Pretrial Conference.

IT IS SO ORDERED.

Dated:    **July 19, 2006**                **/s/ Dennis L. Beck**
3b142a                                         UNITED STATES MAGISTRATE JUDGE

3