# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL RODRIGUEZ, et al., | ) 1:05cv0661 OWW DLB |
| | ) Consolidated with Case No. |
| | ) 1:05-CV-01017 OWW DLB |
| Plaintiffs, | ) |
| | ) |
| v. | ) ORDER GRANTING IN PART AND |
| | ) DENYING IN PART PLAINTIFFS' |
| CITY OF FRESNO, et al., | ) MOTION TO COMPEL |
| | ) |
| | ) (Document 57) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiffs Gabriel and Rebecca Rodriguez ("Plaintiffs") filed the instant motion to compel further production of documents, responses to interrogatories and requests for admissions on June 13, 2006. The motion was heard on July 18, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge. Kenneth W. Brakebill appeared on behalf of Plaintiffs. James Arendt appeared on behalf of Defendants City of Fresno ("City") and Fresno Police Officer Marcus Tafoya ("Officer Tafoya") (collectively referred to as "Defendants").

**BACKGROUND**

Plaintiffs filed their civil rights complaint on August 5, 2005, against Defendants. Officer Tafoya is sued individually and in his official capacity. Plaintiffs' allegations arise out of their arrests on March 5, 2005. They allege causes of action for: (1) violations of the Fourth and Fourteenth Amendments based on their false arrests and the unreasonable use of force, including allegations that the City has a policy, pattern, practice and custom of arresting individuals by

1

using improper means (excessive force), of detaining individuals without probable cause, and of condoning or encouraging the unconstitutional conduct of the officers; (2) assault and battery; (3) false arrest and imprisonment; and (4) negligence.  This case has been consolidated with *Rendon v. City of Fresno, et. al.*, Case No: 1:05-CV-0661- OWW DLB.

Plaintiffs filed the instant motion to compel on June 13, 2006 relating to various discovery to which they contend the City has failed to provide responses despite this Court's previous orders.  Plaintiffs also contend the City has failed to respond to recently served requests for admissions.  The parties filed their Joint Statement on July 12, 2006.

## FACTUAL ALLEGATIONS

According to the Complaint, Plaintiffs attended a party hosted by a Fresno couple on the evening of March 5, 2005.  Plaintiffs were inside the private residence with family and friends when Officer Tafoya "ran unannounced through the front doorway of the residence waving his baton in the air and shouting at the guests."  Complaint, at 2.  Officer Tafoya approached Gabriel and began striking him, causing his "head to bust open and gush blood."  Complaint, at 2.  Rebecca, his wife, covered him as he fell to the ground in an effort to protect him.  Officer Tafoya continued to strike Gabriel and struck Rebecca numerous times with full force.

Without being informed of his rights, Gabriel was handcuffed and arrested, and taken to the hospital for treatment.  He was charged with resisting an executive officer and battery of a peace officer.  Rebecca was also handcuffed without being informed of her rights and taken to a hospital for treatment.  She was charged with battery, resisting arrest and fighting in public.

According to Defendants, on March 6, 2005, at 12:00 a.m., Officer Tafoya and Sergeant Manfredi responded to a radio dispatched call of a loud party disturbance.  When they arrived, they saw approximately 20 people fighting and Sergeant Manfredi immediately requested backup.  Despite the officers' verbal commands to stop fighting, the participants became more violent and the crowd turned their anger towards the officers.  Sergeant Manfredi was attacked and had to hold the crowd back at gunpoint while he attempted to arrest his attacker.  Officer

Tafoya assisted Sergeant Manfredi and was hit in the face[1] and forced into the house by a large group of people.  Once inside the house, Officer Tafoya saw that someone had taken a chair and pushed it under the doorknob so that nobody could enter.

When Officer Tafoya arrested David Rendon, Sr., Gabriel pushed Officer Tafoya and struck him in the arms and head.  Officer Tafoya attempted to strike Gabriel in the arm with his baton, however, Gabriel ducked and was unintentionally hit in the head.  Gabriel fell and stopped fighting.  Other individuals became involved and were arrested.

## LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . .  The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

## DISCUSSION

**A.   DOCUMENTS RELATING TO THE 2004 INCIDENT DESCRIBED BY OFFICER ESCARENO DURING HIS MAY 2, 2006 DEPOSITION**

Plaintiffs contend that during his May 2, 2006 deposition, Officer Escareno testified about an incident that occurred in approximately December 2004 or January 2005 in which he observed Sergeant Manfredi and, he is almost certain, Officer Tafoya involved in a response call where excessive force was used and improper arrests were effected.  Officer Escareno testified that he expressed his concern about the misconduct to his superior Lieutenant Farrah.  Plaintiffs argue they have requested all documents relating to any complaints that either Officer Tafoya or Sergeant Manfredi engaged in the use of excessive force (or other misconduct) (Request for Production ("RFP") Nos. 33 and 34) and on April 6, 2006, the Court ordered Defendants to produce all such documents.  Plaintiffs state that they have received no documents relating to this incident and therefore they propounded an additional request (RFP No. 72) and interrogatory

---

[1] Defendants allege that David Rendon, Jr., and Lawrence Rendon assaulted Officer Tafoya.  David Rendon, Jr., has filed a civil rights action in this Court based on these events, and the cases have been consolidated.

3

(Interrog. No. 19) explicitly directed at this incident. The Defendants have yet to produce any documents relating to this incident.

Defendants argue there were no complaints or investigations regarding the incident described by Officer Escareno during his deposition on May 2, 2006. While Officers Escareno and Russian expressed concerns about the incident to their Lieutenant, there was no complaint or investigation. Defendants therefore argue this incident does not fall within the Court's order and further is not relevant to this case.

Plaintiffs' Request for Production Numbers 33 and 34 seek information relating to allegations against Officer Tafoya and Sergeant Manfredi involving excessive use of force, assault and battery, false arrest and imprisonment, entering homes without just or probable cause, using a baton to strike individuals, or falsifying police reports. These requests also seek any investigations into the allegations. In its April 6, 2006 Order, the Court held this information was relevant to Plaintiffs' claims and was therefore discoverable. The Court ordered Defendants to produce the requested information described as "discovery related to complaints/ investigations" against Officer Tafoya and Sergeant Manfredi "for falsification of police reports and use of excessive force" April 6, 2006 Order, 5: 23-27 - 6:1-14.

The incident described by Officer Escareno at his deposition falls into the category of the above Order and if there are documents, whether or not a formal complaint, which relate to the incident, include a description of the incident or memorialize the incident, including police reports, event reports or incident reports, such documents are responsive to this Court's prior Order and must be produced.

**B.    DOCUMENTS RELATING TO THE "CELDON INCIDENT"**

Plaintiffs contend the media has reported that Sergeant Manfredi (along with three other officers) was issued a notice of termination by the Fresno Police Department ("FPD") in connection with his conduct during the October 10, 2005 arrest of Rolando Celdon, who complained that FPD officers used excessive force when they arrested him. Plaintiffs have expressly requested documents regarding this incident (RFP Nos 59 &60) as well as generally requesting documents relating to any allegations of the use of excessive force by Sergeant

4

Manfredi or Officer Tafoya.  Plaintiffs contend the City has failed to produce any documents relating to this incident.

Defendants contend the investigation into this incident is open and pending.  Defendants further argue that the allegations against Sergeant Manfredi which are the subject of this October 10, 2005 incident are not subject to the April 6, 2006 Order because Sergeant Manfredi is not being investigated for allegations pertaining to excessive force or falsification of police reports.

As discussed at the hearing, the Court shall conduct an *in camera* review of the Internal Affairs ("IA") complaint and investigation relating to this incident to determine whether it must be produced pursuant to this Court's prior Order.  Defendants shall submit the documents to the Court on or before July 25, 2006.  However, based on counsel's representation that the factual investigation into this incident has been completed, to the extent there are documents which contain factual information relating to the incident, such as incident reports, event reports or police reports, these documents must be produced as they are responsive to Plaintiffs' RFP Nos. 59 and 60.

**C.  DOCUMENTS RELATING TO THREE SHOOTINGS BY TAFOYA IN MAY, JUNE AND NOVEMBER 2005**

The media has reported that Officer Tafoya, while on duty, shot three people, killing two of them, within a six-month period between May and November of 2005.  Plaintiffs contend they have expressly requested documents relating to these incidents in their fourth set of requests (RFP Nos. 61-63) and Defendants have failed to produce any documents relating to these shootings.

Defendants take the position that Officer Tafoya is not under investigation for excessive force regarding these three officer-involved shootings and therefore, documents pertaining to the incidents are not responsive to RFP Nos. 59-63.  Defendants further argue that the department administrative reviews regarding these shootings, which occurred subsequent to March 5-6, 2005, are still open and pending and therefore not discoverable.

Plaintiffs' RFP Nos. 61-63 specifically request documents relating to these three shootings.  The incidents involved the use of deadly force and therefore, whether or not the

1  officers are under investigation for the use of excessive force, documents memorializing the facts
2  are relevant to Plaintiffs' claims.  While the documents relate to incidents which may not
3  ultimately be admissible at trial, they are discoverable.  Defendants are therefore ordered to
4  produce documents relating to these officer involved shootings, including police reports, event
5  reports and incident reports and witness interviews.

6  **D.     DOCUMENTS RELATING TO THE GONZALEZ INCIDENT, THE JULY 4, 2005 INCIDENT, AND THE FEBRUARY 3, 2006 INCIDENT**
7

8    Plaintiffs contend that in October 2004, Orlando Gonzales filed a civil rights lawsuit
9  against the City, Officer Tafoya and Sergeant Manfredi (among others), complaining that the
10 officers used excessive force when arresting him.  On May 15, 2005, Defendants produced
11 Gonzalez's tort claim.  Defendants have also produced documents relating to a July 4, 2005
12 incident and a February 5, 2006 incident involving alleged use of excessive force by Officer
13 Tafoya.  Notwithstanding these productions, Plaintiffs contend Defendants have not identified
14 these incidents in Interrogatory Nos. 8 and 9, nor have Defendants produced any other documents
15 (police reports, event reports, etc) relating to these incidents in response to RFP Nos. 33 and 34.
16   Defendants state that Mr. Gonzalez did not file an IA complaint, only a tort claim, which
17 they have produced.  As to the July 4, 2005 incident, a complaint was lodged with IA but it is
18 open and pending and therefore Defendants contend it is not discoverable.  With regard to the
19 February 3, 2006 incident, Defendants argue there were no complaints lodged or investigations
20 initiated with FPD or IA and therefore there are no documents to produce.
21   As discussed at the hearing, even if these incidents did not result in a formal complaint or
22 IA investigation, there were allegations of the use of excessive force by Officer Tafoya and
23 therefore any documents discussing or memorializing the incidents must be produced pursuant to
24 the April 6, 2006 Order.  Accordingly, Defendants shall produce all documents relating to these
25 incidents including, citizens' complaints, tort claims and responses, police reports, incident
26 reports, event reports, and witness statements/interviews.  The City shall also produce a privilege
27 log for documents withheld based on privilege.  With regard to the July 4, 2005 incident, if the
28 witness interviews are not complete and Defendants seek to withhold production on that basis,

Defendants must so report to the Court.  Further, if the final IA report on the July 4, 2005 incident is complete, it must be produced, however, defendants may redact the recommendations, opinions and conclusions of officers other than the decision maker.  Defendants may also redact references to other IA investigations that are unrelated to the categories identified in the April 6, 2006 Order.

### E.   DOCUMENTS RELATING TO THE "FURTIVE MOVEMENT" SHOOTING BY OFFICER TAFOYA IN 2004

Officer Escareno testified about an incident which occurred in 2004 where Officer Tafoya shot and killed a suspect, after which Officer Cooper expressed concern about whether the shooting was justified.  Officer Tafoya used "furtive movement" as the excuse to support the shooting.  Plaintiffs contend that Defendants have failed to produce documents regarding this incident.

Defendants take the position that documents relating to this incident are not discoverable because no formal complaint was lodged by a citizen or an officer and because the officer-involved shooting  investigation is still open and pending.

As discussed, the fact that an incident was not the subject of a formal investigation does not relieve Defendants from the obligation to produce documents relating to the incident. Defendants are ordered to produce all police reports, incident reports and event reports related to this incident.  In addition, documents relating to any factual information developed in connection with the investigation must be produced unless defendants seek reconsideration based on information that the production could jeopardize the  investigation.

### F.   METADATA

Plaintiffs contend Defendants have failed to produce "metadata" as previously ordered by the Court.  Defendants represent that they have provided everything they are able to regarding metadata and suggest that plaintiffs take the deposition of Conrad Nerdahl, Manager of the Police Information Services at FPD to explain why the information could not be provided.  Defendants attach Mr. Nerdahl's declaration to the joint statement in an attempt to clarify the issue.

1 Based upon the technical nature of this discovery request, the Court agrees that a short
2 discussion and/or deposition of Mr. Nerdahl is warranted. The parties shall meet and confer
3 regarding Mr. Nerdahl and if they are unable to agree on a meeting date and time, the Court will
4 schedule Mr. Nerdahl's deposition.

**G.    ELECTRONIC COMMUNICATIONS**

In the April 6, 2006 Order, the Court ordered Defendants to produce all electronic communications regarding the events in question. At the March 31, 2005 hearing, the Court explained that Defendants should produce e-mail, and other electronic communications among any officers that were at the event in question, supervisors or other witnesses who examined the police reports or post event reports. Plaintiffs argue that Defendants have produced text messages relating to the incident sent to and from patrol cars on the morning in question, but not e-mails.

Defendants state that with the exception of attorney client communications, they have provided copies of all responsive e-mails, radio communications and unit to unit electronic communications.

At the hearing, counsel represented that a thorough search has been performed and all e-mails responsive to Plaintiffs' discovery requests have in fact been produced. The Court is satisfied with Defendants' representation.

**H.    IDENTITIES AND PRECISE ROLES OF ALL FPD OFFICERS WHO INTERACTED WITH THE PLAINTIFF'S**

Plaintiffs argue that Defendants have never produced amended responses to Interrogatory Nos. 1, 2, 5 and 6 as ordered by the Court at the March 31, 2006 hearing.

Defendants concede that they have not provided supplement responses as ordered but argue that the only information they have is in police reports, depositions, internal affairs statements, radio traffic CD's, event reports, handwritten statements of witnesses and testimony from criminal proceedings, all of which Plaintiffs have.

Based upon Defendants' representation that the information requested in Interrogatory Nos. 1, 2, 5 and 6 is included in documents already produced to Plaintiffs, Defendants are

ordered to provide supplemental responses to these interrogatories in which they identify the records from which the answer may be obtained by Bates number.

## I.     EMPLOYMENT HISTORIES AND BACKGROUND CHECKS

Plaintiffs argue that Defendants have failed to produce the background checks ordered produced by this Court on May 12, 2006. Plaintiffs identify the following specific areas in which defendants have failed to produce any documentation:

> (1)  Sergeant Manfredi's termination notice in connection with the Celdon incident (where he is alleged to have falsified police reports and/or used excessive force);
> (2)  Officer Tafoya's re-assignment to detective in the fall of 2005 during the pendency of the investigation into this incident and after three shootings in eight months; and
> (3)  Officer Tafoya's recent placement on administrative leave in connection with the Fresno County DA's criminal investigation of him.

Defendants argue the Court ordered them to produce portions of personnel records regarding Sergeant Manfredi and Officer Tafoya's history which reflect complaints regarding aggressive or violent conduct, on or off the job; use of excessive force; the detainment of individuals without probable cause; false arrest and imprisonment; entering homes without just or probable cause; assault and battery; using a baton to strike individuals; or falsifying police reports. The Court also ordered background checks reflecting the alleged use of force or history of violent conduct or aggressive behavior. Defendants represent that they have produced a Fresno Police Department Probationary Evaluation regarding Officer Tafoya dated January 19, 2001 and on July 6, 2006, Defendants produced additional records regarding Sergeant Manfredi and Officer Tafoya which included background checks and promotions. At the hearing, counsel represented that additional documents have been located and will be produced.

Based on counsel's representations, it appears that Defendants have substantially complied with the Court's Order regarding production of Officer Tafoya and Sergeant Manfredi's employment records. Defendants are ordered to complete their production. With regard to Officer Tafoya's reassignment in the Fall of 2005, Defendants are ordered to review any documents relating to the reassignment and if the reassignment was anything other than a reassignment applied for and/or requested by Tafoya, Defendants shall produce all related

documents. Defendants shall also produce all documents relating to Officer Tafoya's placement on administrative leave in connection with the Fresno County District Attorney's criminal investigation of him, including but not limited to correspondence from the District Attorney which led to the action. As discussed above, the Court will review *in camera* the documents relating to the Celdon incident.

**J.     DEPOSITION OF OFFICER VAN OVERBEEK**

Plaintiffs seek to notice the post-discovery deposition of Officer Van Overbeek. Plaintiffs represent that they only learned of his identity as the "whistleblowing officer' in the Celdon matter on June 20, 2006 during the deposition of Sergeant Mindy Medina.

Defendants argue that the investigation of the Celdon incident is open and pending and therefore Plaintiffs should not be allowed to depose Officer Van Overbeek. Defendants argue that questioning this witness could influence or disrupt the ongoing investigation.

Plaintiffs are entitled to depose this percipient witness to the Celdon incident. The Court will conduct an *in camera* review of the documents relating to the IA investigation of this incident to determine the relevancy of those documents given their sensitive nature. However, Plaintiffs are entitled to depose this witness to obtain his factual account of the incident. Officer Van Overbeek should only be instructed not to answer a question in order to preserve a privilege; to enforce a limitation previously imposed by the Court; or to adjourn the deposition to obtain a protective order. *See* Fed.R.Civ. Proc. 30(d)(1).

**K.     DEPOSITION OF SERGEANT LORI GROVE**

Due to the volume of production by the City during the last month, Plaintiffs represent that they only recently learned the identity of Sergeant Grove and realized the need to depose her regarding the incident described by Officer Escareno at his deposition.

Defendants agree to produce Sergeant Grove for a limited deposition regarding her involvement in an IA investigation that was produced to Plaintiffs after the discovery cut-off.

The parties are ordered to meet and confer regarding a mutually convenient date and time for Sergeant Grove's deposition. Should the parties be unable to reach an agreement, the Court will schedule the deposition.

**L.      30(b)(6) DEPOSITION RE FRESNO POLICE DEPARTMENT'S MISCONDUCT FILE RETENTION POLICY**

Plaintiffs contend that Defendants have only produced documents relating to allegations of misconduct against Sergeant Manfredi made in the last five (5) years, even though the Court ordered Defendants to produce all documents relating to alleged misconduct in the last ten (10) years. Plaintiffs' counsel has been informed that the City only maintains records going back five (5) years. Given this information, Plaintiffs request a limited deposition of the City's designated person most knowledgeable concerning the policy and procedures of the FPD relating to the retention and/or destruction of personnel information and information concerning complaints, inquiries and investigations of misconduct by FPD officers.

Defendants argue that the City's five (5) year retention policy is not unusual and does not warrant additional depositions.

Plaintiffs are entitled to conduct short follow up depositions of the persons designated by the City who have knowledge regarding the City's inability to comply with the Court's Order to produce documents relating to alleged misconduct in the last ten years. The Court has already determined the requested information is relevant and discoverable and if the City is unable to fully comply with the Court's Order, Plaintiffs are entitled to inquire into the reasons. Accordingly, Plaintiffs shall notice two (2) depositions: (1) the City's designated person most knowledgeable regarding the Fresno Police Department's policies with respect to retention and destruction of Internal Affairs investigation files more than five but ten or fewer years old; and (2) the City's designated person most knowledgeable regarding the Fresno Police Department's policies with respect to retention of the complaints, inquiries and investigations related to misconduct by Officer Tafoya and Sergeant Manfredi between five and ten years ago.

**M.      INFORMATION RELATING TO INTERNAL AFFAIRS INVESTIGATION OF THIS INCIDENT**

Plaintiffs contend that Defendants still have not produced all of the factual information to which the plaintiffs are entitled relating to the IA investigation of the incident at issue in this case.

1    Plaintiffs also argue that the IA investigation is now complete and therefore they are also
2 entitled to the recommendations and conclusions reached in the investigation since they have
3 now been adopted by the FPD officials and thus are the official policy of the FPD.  To pursue
4 their *Monell* theories of liability, Plaintiffs argue they must know whether Officer Tafoya was
5 disciplined in connection with the events in question.

6    Defendants contend that all documents in the categories identified by the Court have been
7 produced, including Sergeant Luna's narrative of witness statements and documents supporting
8 the IA report.  With regard to the decisions made, Defendants argue that Plaintiffs are not entitled
9 to the conclusions and recommendations of the IA investigation concerning the events at issue
10 here.

11    Based on the further clarification of Plaintiffs' claims and the representation that the IA
12 investigation into the subject incident is now complete, the Court finds that Plaintiffs' are now
13 entitled to production of the complete IA investigation in unredacted form.  The policy-maker
14 has now made a determination regarding Officer Tafoya and Sergeant Manfredi's conduct on the
15 night in question based on what they believe the facts to be.  That decision is now the "policy" of
16 the City.  The City's action or inaction with regard to his incident is relevant to and may be
17 evidence of Plaintiffs' claim that the City has a pattern and practice of failing to monitor,
18 discipline, supervise and train its officers concerning the conduct in this case.  The City's final
19 decision in this case is also relevant to Plaintiffs claim that the City has a custom, policy and
20 practice of failing to investigate claims of misconduct.  A determination of the admissibility of
21 the evidence is premature.  However, because the evidence is relevant to Plaintiffs' claims, it is
22 discoverable.

23    Accordingly, Defendants shall produce the full unredacted IA report including the
24 conclusions and recommendation as well as all supporting documents.  Defendants may redact
25 references to other IA investigations that are unrelated to the categories identified in the April 6,
26 2006 Order.  Plaintiffs are also entitled to take the deposition of the "decision maker(s)" as
27 disclosed by the full report.  Upon receipt of the report, plaintiffs may notice no more than two
28 (2) depositions of the identified decision makers.

**N.    REQUESTS FOR ADMISSION**

Not having received complete answers to interrogatories concerning the identities and roles of officers at the scene and having been informed about the existence of witness statements, on May 11, 2006, Plaintiffs served their first set of Requests for Admissions. Plaintiffs argue the City is not prejudiced by having to respond to these RFA's after the discovery cut-off and should be compelled to do so.

Defendants argue the requests are untimely and Plaintiffs have not demonstrated good cause for their failure to serve them prior to the discovery cut-off.

Plaintiffs' requests are untimely and relate to facts which do not appear to be in dispute. The Court has granted Plaintiff's requests for untimely discovery for areas in which they could not have made timely requests. However the above requests relate to issues that have existed since the filing of this action and Plaintiffs have not demonstrated good cause for the belated requests. Plaintiffs motion as to these requests is therefore denied.

**O.    INCIDENTS DESCRIBED BY OFFICERS RUSSIAN AND WILLEY DURING THEIR DEPOSITIONS**

Plaintiffs represent that at their recent depositions, Officers Russian and Willey testified about two (2) other prior incidents of possible misconduct by Officer Tafoya. While the transcripts are not yet available, Plaintiffs request documents relating to these two incidents.

As with the other prior incidents of alleged misconduct, the documents requested by Plaintiffs are relevant and discoverable. Upon receipt of the deposition transcripts, Plaintiffs shall identify the page and line number of the description of the incidents and thereafter, Defendants shall produce all documents concerning these incidents, including complaints, if any, police reports, incident reports and event reports.

**CONCLUSION**

Based on the foregoing, Plaintiffs' motion to compel discovery is GRANTED in part. Defendants shall submit the documents ordered for *in camera* review on or before July 25, 2006. Defendants shall provide the further discovery as ordered herein on or before August 8, 2006.

1 | Given the nature of the disputes between the parties and the good faith arguments on both sides,
2 | sanctions as requested by Plaintiffs are not warranted.

4 |     IT IS SO ORDERED.

5 |     Dated:   July 22, 2006                     /s/ **Dennis L. Beck**
3b142a                                                UNITED STATES MAGISTRATE JUDGE