1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANTHONY RENDON,<br><br>             Plaintiff,<br><br>     v.<br><br>FRESNO POLICE DEPARTMENT,<br>POLICE OFFICER MARCUS K.<br>TAFOYA, POLICE SGT. MIKE<br>MANFREDI, POLICE OFFICERS JOHN<br>DOES 1029 AND THE CITY OF<br>FRESNO,<br><br>             Defendants. | 1:05-CV-00661 OWW/DLB<br><br><br>ORDER GRANTING DEFENDANTS'<br>CITY OF FRESNO, MARCUS TAFOYA<br>JUDGMENT ON THE PLEADINGS, OR<br>ALTERNATIVELY, MOTION FOR<br>SUMMARY JUDGMENT |
| GABRIEL RODRIGUEZ AND REBECCA<br>RODRIGUEZ,<br><br>             Plaintiffs,<br><br>     v.<br><br>CITY OF FRESNO, MARCUS TAFOYA,<br>individually and as an officer<br>of the Fresno Police<br>Department; and DOES 1 through<br>50,<br><br>             Defendants. | |

## 1.   INTRODUCTION

Defendants City of Fresno and Marcus Tafoya ("Tafoya") move for judgment on the pleadings, or alternatively, for summary

1

adjudication on Plaintiffs' fourth claim for direct negligence under state law.  (Doc. 61, Motion for Judgment on the Pleadings, Filed June 19, 2006.)  Plaintiffs Gabriel Rodriguez and Rebecca Rodriguez ("Rodriguez Plaintiffs") oppose the motion.  (Doc. 71, Plaintiffs' Opposition, Filed July 10, 2006.)

## 2.  **PROCEDURAL HISTORY**

The Rodriguez Plaintiffs filed their complaint on August 5, 2005.  (05-CV-01017, Doc. 1., Complaint ("*Rodriguez* complaint").) Defendants filed an answer to the *Rodriguez* complaint on August 30, 2005.  (05-CV-01017, Doc. 8., Answer.)  On June 2, 2006 the *Rodriguez* case was consolidated with *Rendon v. City of Fresno, et al.,* 05-CV-00661 for trial purposes.  (05-CV-00661, Doc. 50, Order Consolidating, Filed June 2, 2006.)

Defendants filed a Motion for Judgment on the Pleadings, in the alternative a Motion for Summary Adjudication against the Rodriguez Plaintiffs.  (05-CV-00661, Doc. 61, Motion for Judgment on the Pleadings, Filed July 19, 2006.)  On July 10, 2006, the Rodriguez Plaintiffs opposed the motion.  (05-CV-00661, Doc. 71, Plaintiffs' Opposition.)  On July 17, 2006, Defendants filed a reply to Plaintiffs' opposition.  (05-CV-00661, Doc. 85, Defendants' Reply.)

## 3.  **FACTUAL BACKGROUND**

On the evening of March 5, 2005, the Rodriguez plaintiffs attended a party at 4519 East Mono Avenue ("the residence") in Fresno.  (Doc. 61, Decl. of James D. Weakly ("Weakly Decl."), Ex. A, ¶8, Filed June 19, 2006.)  Law enforcement officers, Manfredi and Tafoya responded to a disturbance call and arrived at the residence around midnight on March 5, 2005.  (Doc. 74, Decl. of

Ken Brakebill ("Brakebill Decl."), Ex. D, 94:19-96:13, Filed July 10, 2005.)  Plaintiffs allege that Manfredi was Tafoya's supervisor during the evening and incident in question. (*Id.,* Ex. C, 77:26-78:7.)  When Manfredi and Tafoya arrived at the residence, the Rodriguez Plaintiffs allege that they were inside the house engaged in conversation with each other. (Weakly Decl, Ex. A, ¶9.)  Within moments of Manfredi and Tafoya's arrival, Officer Tafoya allegedly ran through the front doorway waving his baton in the air and shouting at people. (*Id.* at ¶10; Brakebill Decl., Ex. A, 82:3-91:9)  Officer Tafoya allegedly approached Plaintiff Gabriel Rodriguez and, without justification, struck him numerous times with his baton using full force, causing his head to burst open and start gushing blood. (*Id.* at ¶11; Brakebill Decl., Ex. B, 70:15-72:13.)  Officer Tafoya then, struck Plaintiff Rebecca Rodriguez numerous times in the legs, arms and back with his baton. (*Id.* at ¶12; Brakebill Decl., Ex. B, 70:15-72:13.)

Officer Tafoya at all times relevant to this lawsuit was employed by the Fresno Police Department and was acting within the scope of his employment. (UMF, No. 6.)  The Fresno Police Department is part of Defendant City of Fresno. (UMF, No. 7.)

Plaintiffs brought a § 1983 claim against Defendants alleging a violation of their Fourth and Fourteenth Amendments. (Weakly Decl, Ex. A, ¶¶24-26.)  Jurisdiction in this case is based on a federal question.  Plaintiffs also brought several state law causes of action including assault and battery, false arrest, and negligence. (*Id.*, ¶¶27-33.)  Plaintiffs' negligence claim is their Fourth Cause of Action under "state law."  (UMF

**3**

No.1.)   The Rodriguez Plaintiffs allege that Defendants were negligent in performing their duties and failed, neglected, and/or refused to properly and fully discharge their responsibility by:

    1.   Entering the house without just cause

    2.   Using a baton to strike Gabriel Rodriguez inside the house

    3.   Using a baton to strike Rebecca Rodriguez inside the house

    4.   Failing to devote a reasonable and sufficient amount of time and service to training and supervising the individual law enforcement officer defendants regarding the use of force

    5.   Failing to devote a reasonable and sufficient amount of time and service to training and supervising the individual law enforcement officer defendants regarding arresting and detaining individuals

(UMF, No. 2.)[1]  Plaintiffs allege that Defendants were negligent and as a result of their actions, have caused physical and emotional damages to the Rodriguez Plaintiffs which include any and all special damages pled.  (UMF, No. 3.)  Plaintiffs' claim for special damages includes but is not limited to lost wages, any and all medical expenses incurred to treat the injuries of the Rodriguez Plaintiffs, and bond costs incurred in connection with the false arrest of Gabriel Rodriguez.  (UMF No. 4.)  No amendments to the complaint have been made.  (UMF No. 5.)

    Plaintiffs argue that they are still in the process of

---

[1] Plaintiffs' negligence claims based on Tafoya's negligent use of a baton to strike Gabriel Rodriguez and Rebecca Rodriguez are not in issue in this motion.

reviewing many new files the City of Fresno produced in June during the two weeks following the close of discovery.[2]  (05-CV-00661, Doc. 71, Plaintiffs' Opposition.)  Plaintiffs claim that the City produced nearly 700 pages of additional documents two weeks after discovery closed, and more than twice the number of documents the city produced during discovery.  Included in the new productions were sixteen complaints lodged against Tafoya.  Ten of the complaints relate to incidents that occurred before the March 5, 2006 incident.  Plaintiffs argue that they are entitled to maintain a direct negligence claim against defendants under Cal. Gov. Code section 815.2(a).[3]

### 4.   MOTION FOR JUDGMENT ON THE PLEADINGS

### A.   Supplemental Jurisdiction

Title 28 U.S.C. section 1367(a) provides in pertinent part:

> "In any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Jurisdiction in this case is based on a federal question.  The Rodriguez Plaintiffs allege a § 1983 claim for violation of their Fourth and Fourteenth Amendments.  Allen's state law claims invoke supplemental jurisdiction and arise from the same controversy as her § 1983 claim.

---

[2] Discovery closed on May 15, 2006.  (Doc. 45, Scheduling Order, Filed February 21, 2006.)

[3] The parties conceded at oral argument that the Rodriguez Plaintiffs filed a section 815.2 grievance against Defendants prior to filing this lawsuit.

**B.   Standard**

A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings after the pleadings are closed. Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Honey v. Distelrath*, 195 F.3d 531, 532 (9th Cir. 1999)(citing *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir.1998)).  The court must assume the truthfulness of the material facts alleged in the complaint.  All inferences reasonably drawn from these facts must be construed in favor of the responding party. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993)(citing *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986).  The motion will be granted if, accepting as true all material allegation contained in the non moving party's pleadings, the moving party is entitled to judgment as a matter of law. *Torbet v. United Airlines, Inc.,* 298 F.3d 1087, 1089 (9th Cir. 2002).

If matters outside of the pleadings are presented to and not excluded by the court on a motion for judgment on the pleadings, the motion shall be treated as one for summary judgment.  Fed. R. Civ. P. 12(c).  Nevertheless, a court may take judicial notice of matters of public record, including "records and reports of administrative bodies" without converting the motion to one for summary judgment. *See, Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986)(overruled on other grounds).

//

//

**6**

**C.    Discussion**

**I.    Plaintiffs Cannot Maintain A Direct Negligence Claim Against the City of Fresno**

Except as otherwise provided by statute a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person. Cal. Gov. Code § 815(a); *see also, County of Los Angeles v. Superior Court*, 102 Cal. App. 4th 627, 637 (Cal. Ct. App. 2002); *Eastburn v. Regional Fire Protection Authority*, 31 Cal. 4th 1175, 1183 (2003).

Plaintiffs make several allegations to support their negligence claim against Defendants City of Fresno. Among their allegations, Plaintiffs claim that the city of Fresno was negligent in performing its duties based on the following reasons: 1. Failing to devote a reasonable and sufficient amount of time and service to training and supervising the individual law enforcement officer defendants regarding the use of force and 2. Failing to devote a reasonable and sufficient amount of time and service to training and supervising the individual law enforcement officer defendants regarding arresting and detaining individuals. These claims are not directed at Tafoya individually and no other employee of the Fresno Police Department has been identified. Defendants argue that these allegations amount to a direct negligence claim against the City of Fresno which cannot be maintained. Direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care. *Munoz v. City of Union City,* 120 Cal. App. 4th 1077, 1112

**7**

1  (Cal. Ct. App. 2004).  Plaintiffs point to no statute that
2  establishes a direct liability claim against the City of Fresno.

3      In their Opposition, Plaintiffs clarify that they are not
4  bringing a direct negligence claim against the City of Fresno but
5  rather a claim under the theory of vicarious liability based on
6  the acts of Tafoya.  However, to maintain an claim for negligence
7  based on negligent training and supervision claims, Plaintiffs
8  must identify an employee for the City of Fresno against whom the
9  claims may be maintained.  Plaintiffs fail to identify any such
10 employee and agree to dismiss the negligence claims relating to
11 the training and supervision of law enforcement officers without
12 prejudice.

13     Judgment on Plaintiffs' direct negligence claim against the
14 City of Fresno is **GRANTED IN FAVOR OF DEFENDANTS.**

15              **ii.   Plaintiffs' May Bring a Claim Against the City of**
16              **Fresno under a Theory of Vicarious Liability for**
                **the Alleged Negligence of Officer Tafoya**

17     Under the Tort Claims Act, public employees are liable for
18 injuries caused by their acts and omissions to the same extent as
19 private persons.  Cal. Gov. Code § 820; *Zelig v. County of Los*
20 *Angeles,* 27 Cal. 4th 1112, 1128 (Cal. 2002).  A public entity may
21 be derivatively liable under certain circumstances for acts or
22 omissions of employees.  Cal. Gov. Code § 815.2; *see also, County*
23 *of Los Angeles,* 102 Cal. App. at 633.  A public entity is liable
24 for injury proximately caused by an act or omission of an
25 employee of the public entity within the scope of his employment
26 if the act or omission would have given rise to a cause of action
27 against that employee or his personal representative.  Gov. Code
28 § 815.2; *see also,  County of Los Angeles,* 102 Cal. App. at 633-

**8**

644.  Government Code section 815.2 thus imposes upon public
entities vicarious liability for the tortious acts and omissions
of their employees.  *County of Los Angeles,* 102 Cal. App. at 644.
A municipality's failure to train an employee who has caused a
constitutional violation can be the basis for liability. *See Long
v. County of Los Angeles,* 442 F.3d 1178, 1186 (9th Cir. 2006).

Plaintiffs refer to Tafoya as an employee of the City of
Fresno in their complaint and allege that he breached his duty of
care towards them.  Specifically, Plaintiffs allege that Tafoya
ran through the door "waving his baton in the air and shouting at
people."  Plaintiffs further allege that Tafoya approached
Plaintiff Gabriel Rodriguez and struck him multiple times,
causing his head to burst open and start gushing blood.
Plaintiffs also allege that Tafoya "continued to hit Gabriel and
proceeded to strike Rebecca numerous times in the legs, arms and
back with his baton."  Defendants recognized that, as pleaded,
Plaintiffs' negligence claims against the City of Fresno may be
brought under a theory of vicarious liability.  Cal. Gov. Code
section 815.2(a); *see also, Venegas v. County of Los Angeles,* 32
Cal. 4th 820, 835 (Cal. 2004)(internal citations omitted).  In a
motion for judgment on the pleadings, just as in a motion to
dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiffs' allegations
must be assumed as true.  It cannot be said that Defendant is
entitled to judgment as a matter of law.  A law enforcement
officer has a duty not to use unreasonable and excessive force
that injures persons without justification.  The city cannot be
liable for the negligence of its employees absent a waiver of
sovereign immunity.

**9**

1    Defendants' Motion for Judgment on the Pleadings dismissing

2   Plaintiffs' negligence claim against the City of Fresno is

3   **DENIED.**

4           **ii.   Plaintiffs Cannot Maintain a Negligence Claim
                     Against Tafoya Based on Entrance Without Just

5                    Cause.**

6    In their complaint, Plaintiffs make a confusing allegation

7   that Tafoya was negligent for entering the residence without just

8   cause.

9    Actionable negligence is traditionally regarded as

10  involving: 1. a legal duty to use due care, 2. a breach of that

11  duty, 3. that proximately or legally caused of the resulting

12  injury. *Seo v. All-Makes Overhead Doors*, 97 Cal. App. 4th 1193,

13  1202 (Cal. Ct. App. 2002.)  Under general negligence principles a

14  person ordinarily is obligated to exercise due care in his or her

15  own actions so as not to create an unreasonable risk of injury to

16  others. *Zelig,* 27 Cal. 4th at 1128.  Liability may be imposed if

17  an officer undertakes affirmative acts that increase the risk of

18  harm to the plaintiff.  *Id.* at 1129.  However, Plaintiffs do not

19  allege any facts to show how Tafoya's affirmative act of merely

20  entering into the residence on March 5, 2005 increased their risk

21  of harm.  Defendants correctly argue that Tafoya's mere entry

22  into the residence, in and of itself, does not involve the

23  forseeability of harm to Plaintiffs.

24   Though not alleged, Plaintiffs' claims sound more as a

25  trespass action.  The essence of a cause of action for trespass

26  is an unauthorized entry onto the land of another.  *Martin

27  Marietta Corp. v. Insurance Co. of North America,* 40 Cal. App.

28  4th 1113, 1132 (Cal. Ct. App. 1995).  Trespass may be by personal

**10**

intrusion of the wrongdoer or by his failure to leave.  *Id.*
However, Plaintiffs do not allege that they own, possess, or
control the residence where the entity and events took place to
give them standing to bring a trespass action against Tafoya.

Lastly, Plaintiffs also do not make a claim for unlawful
entry under the Fourth Amendment.  The Fourth Amendment protects
the right of people to be secure in their persons, houses,
papers, and effects.  *United States v. Attson*, 900 F.2d 1427,
1429 (9th Cir. 1990).  However, Defendants correctly argue that
Fourth Amendment rights are constitutional and cannot be asserted
vicariously.  *United States v. Silva,* 247 F.3d 1051, 1055 (9th
Cir. 2001).  In order to claim the protections of the Fourth
Amendment, Plaintiffs must establish that they had an expectation
of privacy in the home and that their expectation was reasonable.
*Id.*  Plaintiffs fail to allege facts to make such a showing.

Plaintiffs agree to dismiss the negligence claim against
Tafoya based solely on the allegation of entry without just
cause.  However, Plaintiffs argue that they do not waive any
right to argue or present facts that Tafoya's entry into the
house was justified or that what Tafoya did immediately upon
entering into the house was justified.  This argument raises an
evidentiary issue that is better addressed with a discovery
motion, such as a motion in limine, or during trial.

Judgment as to Plaintiffs negligence claim based on Tafoya's
entry into the residence without just cause is **GRANTED IN FAVOR
OF DEFENDANTS.**

**11**

1

**5.   <u>CONCLUSION</u>**

2        Judgment on Plaintiffs' direct negligence claim against the

3  City of Fresno is **ENTERED IN FAVOR OF DEFENDANTS.**

4        Judgment on Plaintiffs negligence claim for vicarious

5  liability against the City of Fresno is **ENTERED IN FAVOR OF**

6  **PLAINTIFFS AND AGAINST DEFENDANTS.**

7        Judgment as to Plaintiffs' negligence claim based on

8  Tafoya's entry without just cause is **ENTERED IN FAVOR OF**

9  **DEFENDANTS.**

10

11  **SO ORDERED**

12

13  Dated: September 18, 2006        /s/ OLIVER W. WANGER

14                                        **OLIVER W. WANGER**
                                     **United States District Judge**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**12**